IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSELITO A. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-22-1060-F |
| | ) | |
| UNITED STATES DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is Defendant's Motion to Dismiss, filed March 21, 2023. Doc. no. 14. Plaintiff, appearing *pro se*, has responded, and defendant has replied. Doc. nos. 16 and 17. The matter is at issue.

Defendant moves for dismissal of plaintiff's complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the ground that judicial review of defendant's determinations with respect to plaintiff's workers' compensation claims "is clearly and conclusively precluded under the Federal Employees' Compensation Act ('FECA'), 5 U.S.C. § 8101 *et seq*." Doc. no. 14, p. 1. Upon review, the court agrees dismissal is appropriate.

The FECA provides compensation for a federal employee's personal injuries "sustained while in the performance of his duty." 5 U.S.C. § 8102(a). When the federal employee's personal injuries are covered by the FECA, the remedy provided by the statute is exclusive. 5 U.S.C. § 8116(c). The Secretary of Labor "has exclusive authority to administer FECA claims and to decide questions arising under [the FECA], including whether a claim is covered." Half-Acre v. United States, 859 Fed. Appx 270, 272 (10th Cir. 2021) (citing 5 U.S.C. § 8145, Tippetts v. United

States, 308 F.3d 1091, 1094 (10th Cir. 2002), Swafford v. United States, 998 F.2d 837, 839 (10th Cir. 1993)). "The Secretary's decision to allow or deny payment under the [FECA] is 'final and conclusive for all purposes and with respect to all questions of law and fact; and . . . not subject to review by another official of the United States or by a court by mandamus or otherwise.'" Id. (quoting 5 U.S.C. § 8128(b)(1)-(2) and citing Swafford, 998 F.2d at 839).

It is apparent from plaintiff's complaint (and his response to defendant's motion) that he is challenging the Secretary of Labor's determinations regarding his workers' compensation claims.[1]  As plaintiff's claims are covered by the FECA, the court is without jurisdiction to consider their merits.  Tippetts, 308 F.3d at 1094, (citing Swafford, 998 F.2d at 839).  Consequently, plaintiff's complaint against defendant must be dismissed without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.

Accordingly, Defendant's Motion to Dismiss (doc. no. 14) is **GRANTED**. Plaintiff Joselito A. Smith's complaint against defendant United States Department of Labor is **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction.

IT IS SO ORDERED this 13th day of April, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-1060p003.docx

---

[1] According to the complaint, plaintiff was injured in a fall, which occurred on December 17, 2020, while working at Tinker Air Force Base.  He was given total temporary disability and could not return to work.  He turned paperwork in to the Department of Labor, but it denied his claim for "10.5" months.  He started receiving compensation around December 2021, but claims that he is still being denied proper medical care, including surgery.  Doc. no. 1; doc. no. 1-1.